IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD JOHNSON,<br><br>*Plaintiff,*<br>v.<br><br>MACON BIBB SHERIFF'S OFFICE, *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:25-cv-00181-TES |

**ORDER**

Contemporaneously with his Complaint [Doc. 1], *pro se* Plaintiff Edward Johnson filed an "Application to Proceed in District Court Without Prepaying Fees or Cost" [Doc. 2] seeking permission from the Court to allow him to proceed *in forma pauperis*.

A.      **Plaintiff's Application to Proceed *In Forma Pauperis***

Authority for granting permission to file a lawsuit without prepayment of fees and costs is found at 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*

*v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). By enacting the statute, Congress intended "to provide all indigent litigants with meaningful access to courts by removing the obstacle of poverty." *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Thus, when an applicant shows that he is unable to pay the filing fees associated with initiating a lawsuit, the Court may permit that applicant to proceed without payment of fees or, stated differently, proceed *in forma pauperis* ("IFP").

Upon consideration of Plaintiff's Application, the Court finds that he is unable to pay the fees and costs of commencing this lawsuit in his current financial state. [Doc. 2, pp. 1–2]. Accordingly, the Court **GRANTS** Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Cost" [Doc. 2], and this case shall proceed without prepayment of fees.

B.  **Frivolity Review**

When a district court grants IFP status for a non-incarcerated individual, it still must conduct a frivolity review of the accompanying complaint under 28 U.S.C. § 1915(e). Section 1915(e) obligates a district court to dismiss a case at any time if it is determined that the claims asserted therein are frivolous or malicious; fail to state a

claim on which relief may be granted; or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

As with all cases, the Court must accept the factual allegations from Plaintiff's Complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and because he is proceeding *pro se*, his Complaint is "held to a less stringent standard" and "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Frivolity review, however, under § 1915(e) serves to discourage the filing of baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing a civil action. *Neitzke*, 490 U.S. at 327. "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Claims within the latter category call for dismissal on grounds of frivolousness under § 1915(e)(2)(B)(i) while claims under the former are subject to dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). In other words, "[w]hen a [claim] raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff," it can be dismissed for failure to state a claim. *Id.* at 328.

With those principles in mind, the Court examines the factual allegations asserted in Plaintiff's Complaint and the claims he asserts based on those facts.

1. <u>Plaintiff's Allegations</u>

Plaintiff claims that on May 2, 1983, an employee of "Bibb/Macon Sheriff's Department" investigated an alleged wreck of two vehicles that occurred on private property. [Doc. 1, p. 2]. During that investigation, an officer issued a citation for the wreck. [*Id.*]. Because the wreck occurred on private property, Plaintiff alleges he was unable to "adjudicate the citation." [*Id.*]. Plaintiff further alleges that two insurance companies—Progressive and Travelers—denied his claim for aggravation of a prior injury based on the officers' report. Ultimately, Plaintiff contends the sheriff's officers lacked proper training and denied him constitutional rights. [*Id.* at p. 3].

2. <u>Discussion</u>

Section 1983 does not have a standalone statute of limitations. Instead, it borrows from the forum state's related statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Georgia, the statute of limitations for § 1983 claims is two years. *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014). Plaintiff's Complaint clearly alleges that the underlying events occurred in 1983—over 40 years ago. Therefore, the Court finds Plaintiff's Complaint is frivolous. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 (11th Cir. 1990); 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] but ultimately **DISMISSES** this action as frivolous.

**SO ORDERED**, this 6th day of May, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
